**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLINT PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-909 NCC |
| | ) | |
| KEYJAB AKBAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Clint Phillips, for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C.§ 1915(e)(2)(B).

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an

action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the plaintiff's allegations are found to be clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the instant action on July 23, 2021. Plaintiff has identified the jurisdictional basis for filing the present lawsuit as Title 42 U.S.C. 1983.[1] "In the instant case, plaintiff sues Keyjab Akbar, as well as United Mart. He asserts that "sometime in '19 or '20, Keyjab Akbar sold [him] a winning MegaMillions luckytown ticket sold at retailer 38718200 (United Mart)…" He states that Akbar failed to provide him with the ticket and "moved on to several different customers" instead of giving him the ticket. Plaintiff believes this act from Akbar was a violation of his Fourth and Fourteenth Amendment rights. He claims he was subjected to an illegal

[1]On his civil cover sheet plaintiff alleges that his cause of action is "constitutional, human and civil violations.

seizure, extortion, criminal conversion, a human rights violation, a due process violation, a deprivation of property, de facto false imprisonment, and negligence. Plaintiff also seeks summary judgment in this action, as well as an appointment of a "guardian ad litem."[2]

**Plaintiff's Litigation History in This Court**

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court. The instant action is one of thirty-five (35) civil actions he has filed to date in this Court since 2010.[3] Counting the current action, three of those cases are still awaiting review pursuant to 28 U.S.C. § 1915. *See Phillips v. United States,* 4:21-cv-692 SRC (E.D.Mo) and *Phillips v. United States,* 4:21-cv-723 AGF (E.D.Mo). Of the rest of the thirty-two (32) cases brought in this District Court by plaintiff, one case was stricken pursuant to Federal Rule of Civil Procedure 11, two (2) cases were dismissed pursuant to Federal Rule of Civil Procedure 41(b) and twenty-nine (29) cases were dismissed on preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2]Plaintiff does not indicate why he seeks a guardian ad litem in this action.

[3]*See Phillips v. Wooderson,* No. 4:10-cv-2038 FRB (E.D.Mo); *Phillips v. City of St. Louis,* No. 4:11-cv-791 CEJ (E.D.Mo); *Phillips v. Wood,* No. 4:13-cv-412 ERW (E.D.Mo); *Phillips v. Geiger*, No. 4:13-cv-529 HEA (E.D.Mo); *Phillips v. Buzz Westfall Justice Center*, No. 4:13-cv-734 TIA (E.D.Mo); *Phillips v. Murray*, No. 4:13-cv-795 FRB (E.D. Mo); *Phillips v. Wood*, No. 4:13-cv-973 ERW (E.D. Mo); *Phillips v. Christian Hospital Northeast*, No. 4:13-cv-1018 CAS (E.D.Mo); *Phillips v Murray*, No. 4:13-cv-1438 FRB (E.D.Mo); *Phillips v Williams*, No. 4:14-cv-314 CDP (E.D.Mo); *Phillips v. Murray,* No. 4:14-cv-315 JCH (E.D.Mo); *Phillips v. United States*, No. 4:14-cv-316 RWS (E.D.Mo); *Phillips v. Murray*, No. 4:14-cv-1916 ERW (E.D.Mo); *Phillips v. City of St. Louis*, No. 4:14-cv-2044 CEJ (E.D.Mo); *Phillips v. Blanks*, No 4:15-cv-485 CAS (E.D.Mo); *Phillips v. Missouri Dept. of Social Services*, 4:16-cv-1146 RLW (E.D.Mo); *Phillips v. Grean*, No. 4:16-cv-1234 JCH (E.D.Mo); *Phillips v. Missouri Dept. of Social Services*, No. 4:16-cv-1235 AGF (E.D.Mo); *Phillips v. Loiterstein,* No. 4:16-cv-1236 AGF (E.D.Mo); *Phillips v. Unknown Director of Corrections of St. Louis County Jail*, No. 4:16-cv-1696 SNLJ (E.D.Mo); *Phillips v. Dunn*, No. 4:16-cv-1698 RWS (E.D.Mo); *Phillips v. United States*, No. 4:18-cv-611 JCH (E.D.Mo); *Phillips v. Unknown St. Louis City Police Officers*, 4:17-cv-1589 JMB (E.D.Mo); *Phillips v. Carpenter*, 4:17-cv-1592 SNLJ (E.D.Mo); *Phillips v. Two Unknown St. Louis City Police Officers,* 4:19-cv-2142 CAS (E.D.Mo); *Phillips v. Three Unknown St. Louis City Police Officers*, 4:19-cv-2922 RLW (E.D.Mo); *Phillips v. Romeo,* 4:17-cv-1636 NAB (E.D.Mo); *Phillips v. St. Louis City Police Officers*, 4:17-cv-1637 HEA (E.D.Mo); *Phillips v. City of St. Louis*, 4:18-cv-1183 JAR (E.D.Mo); *Phillips v. St. Louis Community Credit Union*, 4:20-cv-1275 MTS (E.D.Mo); *Phillips v. Missouri Public Safety*, 4:21-cv-691 JCH (E.D.Mo); *Phillips v. Wal-Mart*, 4:20-cv-1276 SNLJ (E.D.Mo).

On June 14, 2021, plaintiff filed *Phillips v. United States,* 4:21-cv-692 SRC (E.D.Mo). In that case, plaintiff asserts:

> On February 19, 2021 my due process rights were violated by the VA because it took them over 18 mo., 679 days and counting to answer my appeal see Godfrey v. Wilkie.
>
> I filed this appeal in Aug 2019 via the St. Louis regional office and through the DAV.
>
> This department has due process protection guidelines in place and when these protections are not followed creates a due process violation.
>
> My hearing has been scheduled for 8-16-21 almost 6 months past 18 mo.

In *Phillips v. United States*, No. 4:21-cv-723 AGF (E.D.Mo), plaintiff claims the events giving rise to his claims in that case occurred in December of 2015. Plaintiff asserts that at that time, his doctor, Lara Fuchs told him that he had akathisia[4] and erectile dysfunction. Plaintiff claims that Dr. Fuchs told him that both disorders were a side effect of medication he had taken and was currently taking, including Zyprexa, Haldol, Invega (Sustenna) and Risperidone (Risperdal). He claims that at this point he filed an "1151" claim under Title 38 U.S.C. § 1151. Plaintiff writes in his complaint:

> When I filed this claim two years before there was an actual diagnosis which was 12/17, this is when I knew that I had disabilities that were caused by medication and my statute of limitations started. I filed a tort claim in 2018 well within the two-year time period required under the FTCA. Originally Elizabeth Martin was the VA investigator that originally denied this legitimate and valid claim based on somehow received misconstrued information and because of this she reset my statute of limitations and it began 1/20 and she said she would respond by February 2020 which she did not.

[4]Akathisia is a movement disorder that makes it hard for a person to stay still.

**Discussion**

As set forth above, on his civil cover sheet plaintiff alleges that his cause of action arises under 42 U.S.C. § 1983. Plaintiff names two defendants in this action, Keyjab Akbar, as well as his employer, United Mart, the gas station at which Mr. Akbar worked.

Here, plaintiff brings claims pursuant to 42 U.S.C. § 1983. It is apparent that Mr. Akbar is a private citizen and the gas station at which he worked is a private entity. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States. However, § 1983 provides for relief against state actors, not private citizens. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not allege, nor does it appear, that defendants were state actor that acted under color of state law.

"Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.* Here, the complaint contains no allegations permitting the inference that defendants acted jointly with public servants acting under state law. Because plaintiff has failed to establish that a state actor violated his federally-protected rights, he is missing an essential element of a § 1983 claim. Therefore, the complaint fails to state a claim against defendants.

The complaint describes no other theory of recovery, nor does it contain facts from which the Court can discern any plausible claim for relief. At best, the complaint asserts only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements" that the Supreme Court has found deficient, and that this Court is not required to presume true. *Iqbal,* 550 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

Plaintiff also asserts he is entitled to recover 275 million dollars in damages based upon a claim that entirely lacks factual support, namely that defendant Akbar stole his winning lottery ticket. The Court concludes that plaintiff's assertions and demands rise to the level of the irrational or the wholly incredible and are therefore "clearly baseless" under the standard articulated in *Denton,* 504 U.S. 25.

Having thoroughly reviewed and liberally construed the complaint, the Court concludes this action must be dismissed. This is not a situation in which plaintiff should be permitted to file an amended complaint. Therefore, this action is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 19th day of October, 2021.

Audrey G. Fleissig

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE